NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
DAVID PINCHAS (Cal Bar No. 130751)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-2920
    Facsimile: (213) 894-7819
    E-mail: david.pinchas@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| MONSTER ENERGY CO., et al., <br><br> Plaintiffs, <br><br> v. <br><br> KATHY A. BARAN, et al., <br><br> Defendants. | Case No. ED CV 19-00871 JGB (KKx) |

DEFENDANTS' RESPONSE TO COURT ORDER DATED MAY 21, 2019 TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JENNIFER GALANG

## I. INTRODUCTION

On May 30, 2019, pursuant to 8 C.F.R. § 103.5(a)(5)(ii), United States Citizenship and Immigration Services ("USCIS") vacated its denial of Plaintiffs' H-1B visa petition, reopened the petition and issued a new request for additional evidence ("RFE") from Plaintiffs in order to reconsider the merits of their petition.  See Declaration of Jennifer Galang, Section Chief of USCIS' California Service Center's Employment Branch.  A copy of the RFE is attached hereto as Exhibit A to the Galang Declaration.  For the reasons set forth below, Defendants contend that no preliminary injunction should be issued in this case.

## II. ARGUMENT

### A. Plaintiffs Cannot Show a Likelihood of Irreparable Injury

At the parties' May 21, 2019 hearing, the Court indicated that, it was not convinced that Plaintiffs had demonstrated a likelihood of success on the merits, but it was concerned that USCIS could commence removal procedures against Plaintiff Mohita Yalamanchi.  This should no longer be a concern.  Given that Ms. Yalamanchi's petition has been reopened, she is no longer unlawfully present in this country, but rather is in the same position she was in during December 2017, when Monster Energy Company filed its petition.  Indeed, the attached RFE provides that Plaintiffs may respond with the additional information sought in the RFE by August 25, 2019 and only at that point will USCIS begin to process her Form I-129 Petition for Nonimmigrant Worker status.  See RFE at 1.

Plaintiff Yalamanchi has the opportunity to apply for an H-4 visa, which would allow her to remain in this country based derivatively on the status of her husband, who is the holder of an H-1B visa.  See 8 U.S.C. § 1101(a)(15)(H).  See Plaintiff's Motion for Temporary Restraining Order at 7:15-16; Declaration of Evelyn Hahn ¶ 9 ("Ms. Yalamanchi's spouse currently resides in the United States in H-1B status").  (Dkt # 6-3.)  As previously noted, with an H-4 visa, Ms. Yalamanchi could also apply for employment authorization in this country pursuant to 8 C.F.R. § 214.2(h)(9)(iv).  Thus,

under the present circumstances, a preliminary injunction is not appropriate because Plaintiffs are incapable of demonstrating the required *likelihood* of irreparable harm.

As the Supreme Court held in Winter v. Natural Resources Def. Council, 555 U.S. 7, 22 (2008), "[i]ssuing a preliminary injunction based only on a *possibility* of irreparable harm is inconsistent with [the Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief" (emphasis added). Moreover, there is no known impediment to Ms. Yalamanchi returning to work for Monster Energy Company at this time.

### B. Plaintiffs Have Not Demonstrated a Likelihood of Success on the Merits

Plaintiffs must also demonstrate that they are likely to succeed on their claim that USCIS arbitrarily denied their visa petition. See Winter, 555 U.S. at 20. Although Plaintiffs bring this action under the Administrative Procedure Act, 5 U.S.C. § 701 et seq. (the "APA"), the APA provides for judicial review of "*final* agency action for which there is no other adequate remedy at law" (emphasis added). 5 U.S.C. § 704. For an agency action to be final, the action must mark the consummation of the agency's decision making process. See Bennett v. Spear, 520 U.S. 154, 177-78 (1997).

Here, because USCIS vacated the denial decision in issue and issued the RFE, there is no final agency decision to review. See Bhasin v. U.S. Dept. of Homeland Security, 413 Fed.Appx. 983, 985 (9th Cir. 2011) ("Because [USCIS] vacated its denial of the I-130 petition…the denial is not a 'final agency decision…and is not subject to review"); Net-Inspect, LLC v. USCIS, 2015 WL 880956 at *4, 6 (W.D. Wash. Mar. 2, 2015) (reopening of H-1B petition rendered the agency's previous denial of the petition non-final). See also Utah Life Real Estate Group, LLC v. USCIS (California Service Center), 259 F. Supp. 3d 1294, 1297 (D. Utah 2017) (holding that Immigration Services could reopen proceedings after litigation was filed).

As noted in the RFE, the duties of Ms. Yalamanchi's position with Monster Energy Company appear to be different from those of the occupation title shown in the

prerequisite Labor Condition Application ("LCA") submitted to the Department of Labor. RFE at 3. Therefore, USCIS is requesting further information or documents from Plaintiffs as to whether the position in question is "more akin to those of a Computer Systems Analyst" than those of a Software Developer. Id. at 4.

Plaintiffs appear to argue that because most computer systems analysts have "a bachelor's degree….This alone should be enough" for Plaintiffs to prevail in this case. (Dkt # 15 at 8.) However, this is not enough. See Altimetrik Corp. v. Cissna, 2018 WL 6604258, at *6 & n. 5 (E.D. Mich. Dec. 17, 2018) (affirming denial of H1-B visa for systems analyst position where USCIS had previously approved an H-1B visa for the same beneficiaries performing the same duties). In fact, the employer's requirement of only a general purpose Bachelor's degree will not justify granting a petition for an H-1B special occupation visa. See Irish Help at Home LLC v. Melville, 2015 WL 848977 at *5-6 (N.D. Cal. Feb. 24, 2015), aff'd 679 Fed.Appx. 634 (9th Cir. 2017).

The RFE also notes that Monster Energy Company's cover letter stated that the minimum qualification of the position was a Bachelor's degree in computer science, information technology or "engineering." RFE at 5. But the stated field of "engineering" is so broad that it cannot be determined on the present record whether it is closely related to a degree in computer science. Id. Furthermore, since Ms. Yalamanchi's position with Monster Energy appears to be more related to that of "Computer Systems Analyst," which does not always require a Bachelor's degree in a specific specialty, USCIS is requesting additional documentation and evidence to establish the position is a specialty occupation. Id. at 6.

USCIS also takes issue with the job postings Plaintiffs submitted in support of their petition. Id. at 7. Indeed, Plaintiffs presented no documentary evidence to establish that the employers in these postings were similar to Monster Energy Company. Id. Thus, USCIS is requesting additional job postings and information from industry sources to determine the extent to which Ms. Yalamanchi's degrees are commonly accepted in the energy drink industry for this position. Id. In addition, USCIS seeks additional

documentation to establish the extent to which the position in question is unique and complex within the meaning of its regulations. Id. at 8, 10.

USCIS also seeks further information to substantiate that Monster Energy Company normally requires a degree in a specific specialty for the position in question. Id. at 9. However, Ms. Yalamanchi is its first employee in this position, even if a previous third party contractor who performed services for Monster Energy Company also happened to have a Bachelor's degree.

Even if Plaintiffs could establish that the position in question was a "specialty occupation" under 8 U.S.C. § 1184(i), Plaintiffs must also establish that Ms. Yalamanchi is qualified to perform the services in this occupation pursuant to 8 C.F.R. § 214.2(h)(4)(iii)(C). There is no dispute that Ms. Yalamanchi received a four-year degree in mechanical engineering from a university in India, and a two-year master's degree in industrial engineering from an American university. However, it is far from clear that these studies qualified Ms. Yalamanchi for a software developer position. To the extent Plaintiffs rely on opinions of Professors Reddy and Skevoulis for this proposition, those opinions are highly questionable because they are conclusory and unsupported by objective, verifiable facts.

For example, Dr. Skevoulis merely states that he is fully familiar with Monster Energy and its industry but he does not provide any detail with which this conclusory statement can be verified. (Dkt # 1-4 at page 9 of 76.) Moreover, much of Dr. Skevoulis "analysis" is based on mere repetition of the job descriptions provided by Monster Energy and those of Ms. Yalamanchi's previous employers.  Further, Dr. Skevoulis cites only three subjects that Ms. Yalamanchi studied to conclude that she had somehow attained the equivalent of two years of a Bachelor's degree in computer sciences. (Dkt # 1-4 at pages 51 and 53 of 76.)

Although it is true that USCIS previously accepted the identical opinion of Professor Reddy for her application for an earlier position, this is not binding on USCIS

4

and may have been an error.[1]  See Matter of Church Scientology Int'l, 19 I & N Dec. 593, 597 (Comm'r 1988) (USCIS is not required to approve petitions merely because of prior approvals which may have been erroneous); Altimetrik Corp., 2018 WL 6604258, at *6 & n. 5; Section D *infra*.

Nevertheless, USCIS is offering Plaintiffs, through the RFE, the opportunity to submit additional evidence to show that Ms. Yalamanchi's knowledge and education are directly related to and required by the position in question, as well as documentary evidence to substantiate the proffered conclusory academic opinions.  See RFE at 13-14.

### C.  Plaintiffs' Requested Relief is Inconsistent with the Public Interest.

With respect to the balancing of the harm to the opposing party and the public interest, it is clearly not in the public interest to issue a preliminary injunction under the present circumstances while an H-1B visa applicant is awaiting a decision by USCIS on a petition.  Doing so would create a precedent that would allow and encourage every applicant to seek similar relief until a final agency decision is reached.  The result would be a flood of litigation in this Court.  Such a result is clearly inconsistent with the Supreme Court's ruling in Winter, and raises serious subject matter jurisdictional issues.

### D.  The Applicable Standard of Review Has Not Changed

The parties are in agreement that the preponderance of the evidence standard of review for adjudicating H-1B petitions has remained in place.  See Matter of Chawathe, 25 I & N Dec. 369, 375–76 (AAO 2010).  As explained in Plaintiffs' Exhibit J, USCIS' approval rate of H-1B visas is currently approximately 80%.  (Dkt # 15-8.)  Thus, to the extent Plaintiffs argue that USCIS is arbitrarily denying every H-1B petition, they are mistaken.

---

[1] As previously noted, Dr. Reddy reached the counter-intuitive conclusion that Ms. Yalamanchi's coursework in Engineering Physics, Engineering Chemistry, Engineering Economics, Metallurgy, and Environmental Studies are somehow "Computer Information Systems related studies." (Dkt # 1-4 at pages 41-42.)

On October 23, 2017, USCIS issued a policy memorandum entitled "Rescission of Guidance Regarding Deference to Prior Determinations of Eligibility in the Adjudication of Petitions for Extension of Nonimmigrant Status." This memorandum is found at: https://www.uscis.gov/.../Memoranda/2017/2017-10-23Rescission-of-Deference-PM6020151.pdf. Under this memorandum, USCIS rescinded an earlier policy of giving deference to prior determinations of eligibility because that prior policy could have been mistakenly construed as shifting the burden of proof from the petitioner to USCIS. The memorandum reaffirms that the burden remains on the petitioner even where an extension of nonimmigrant status is sought and that each petition should be based on its own merits.

USCIS concluded that the prior policy may have also had the unintended consequence of preventing its officers from discovering material errors in prior adjudications and/or limited their ability to conduct a thorough review of the facts and assessments of eligibility in each case. This is consistent with prior administrative rulings. See Matter of Church of Scientology Int'l, 19 I & N Dec. at 597 (each matter must be decided according to the evidence of record on a case-by-case basis).

In addition, on March 31, 2017, USCIS issued a policy memorandum entitled "Rescission of the December 22, 2000 'Guidance memo on H1B computer related positions.'" This memorandum is available at the following web address: https://www.uscis.gov/sites/default/files/files/nativedocuments/PM-6002-0142-H-1BComputerRelatedPositionsRecission.pdf. The 2017 computer-related positions policy memorandum was enacted in recognition of the fact that computer-related occupations had evolved since the 20th Century. Thus, the fact that most computer programmers hold Bachelor's degrees is not relevant to a specialty occupation adjudication if the specific degrees are not related to the computer-related occupation.

The policy memorandum also notes that a petitioner may not solely rely on the Occupational Outlook Handbook to meet its burden, but rather, it must provide other evidence to establish that the particular position is one in a specialty occupation. Finally,

this memorandum notes that a general purpose degree, without more, will not justify the granting of a petition for an H-1B specialty occupation visa.

The foregoing policy statements are interpretative memoranda which supersede prior interpretive memoranda. Accordingly, they do not implicate the APA's notice and comment requirements. See R.L. Inv. Ltd. v. INS, 86 F.Supp.2d 1014, 1024-25 (D. Hawaii 2000); see also Butte Environmental Council v. U.S. Army Corps of Eng'rs, 620 F.3d 936, 946 (9th Cir. 2010)  (an agency is entitled to change its mind).

### III.  CONCLUSION

For all of these reasons, Defendants request that the Court refrain from issuing a preliminary injunction.

Dated: May 12, 2019          Respectfully submitted,

NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section

  /s/ *David Pinchas*
DAVID PINCHAS
Assistant United States Attorney

Attorneys for Defendants